UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

PAUL E. LOUIS, SR.,

                                         Plaintiff,

v.                                                               6:07-CV-0557
                                                                       (TJM/GHL)

COMMISSIONER OF SOCIAL SECURITY,

                                          Defendant.
_____

APPEARANCES:                                  OF COUNSEL:

PAUL E. LOUIS, SR.
Plaintiff *pro se*
153 Reservoir Road
Newport, New York 13416

HON. GLENN T. SUDDABY                  KAREN T. CALLAHAN, ESQ.
United States Attorney for the                Special Assistant United States Attorney
  Northern District of New York
*Counsel for Defendant*
P.O. Box 7198
100 S. Clinton Street
Syracuse, New York 13261-7198

GEORGE H. LOWE, United States Magistrate Judge

## REPORT AND RECOMMENDATION

      This matter was referred to the undersigned for report and recommendation by the Honorable Thomas J. McAvoy, Senior United States District Judge, pursuant to 28 U.S.C. § 636(b) and Northern District of New York Local Rule 72.3. Defendant moves to dismiss the Complaint. (Dkt. No. 13.) Plaintiff opposes the motion. (Dkt. No. 17.) For the reasons discussed below, I recommend that the Motion to Dismiss be granted.

I.     **PROCEDURAL HISTORY**

Plaintiff applied for Disability Insurance Benefits and Supplemental Security Income on October 31, 1977. (Dkt. No. 1 at 2.) Plaintiff's claim was, apparently, denied on or about December 2, 1982. (Dkt. No. 1 at 8.) Plaintiff filed subsequent claims in March 1985, September 1985, and June 1988. (Dkt. No. 13, Herbst Decl. Ex. 1.) These claims, too, were apparently denied.

Under the provisions of the settlement agreement in the *Stieberger v. Sullivan*[1] class action lawsuit, Plaintiff was entitled to readjudication of his claims. An Administrative Law Judge ("ALJ") conducted a hearing on November 20, 2002. (Dkt. No. 13, Herbst Decl. Ex. 1.) After the hearing, Plaintiff's attorney submitted a letter in which he moved to amend Plaintiff's claim to allege an onset date of May 1, 1981. *Id*. The ALJ granted that motion. *Id*. On April 15, 2003, the ALJ issued a decision finding that Plaintiff was not disabled within the meaning of the Social Security Act. (Dkt. No. 13, Herbst Decl. ¶ 3(a).)

On May 13, 2005, the Appeals Council granted Plaintiff's request for review and issued a fully favorable decision finding that Plaintiff became disabled on May 1, 1981. (Dkt. No. 1 at 2; Dkt. No. 13, Herbst Decl. Ex. 2.)

On December 4, 2006, the Appeals Council received an "appeal", which it construed as a request for reopening of its May 13, 2005, decision. (Dkt. No. 13, Herbst Decl. ¶ 3(a).) On

---

[1] The class in *Stieberger* challenged Defendant's policy and practice of failing to require Social Security Administration adjudicators to apply binding interpretations of law issued by the Second Circuit. Under the settlement agreement, New York state residents whose claims were denied between October 1, 1981, and July 2, 1992, on the basis that they were not disabled were entitled to have their claims readjudicated. *Stieberger v. Sullivan*, 792 F. Supp. 1376 (S.D.N.Y. 1992), *amended*, 801 F. Supp. 1079 (S.D.N.Y. 1992).

December 13, 2006, the Appeals Council declined to reopen its decision. *Id.*

On or about December 24, 2006, Plaintiff again "appealed" the May 2005 decision, arguing that his onset date was in 1977 rather than 1981. (Dkt. No. 13, Herbst Decl. Ex. 3.) On May 12, 2007, the Appeals Council again declined to reopen its decision. (Dkt. No. 13, Herbst Decl. ¶ 3(a).)

Plaintiff *pro se* filed his Complaint in this Court on May 25, 2007. (Dkt. No. 1.) Defendant now moves to dismiss. (Dkt. No. 13.)

**II.    DISCUSSION**

Defendant argues that the Complaint should be dismissed because it was not timely filed. (Dkt. No. 13.) Defendant is correct. In addition, this Court lacks jurisdiction to adjudicate an appeal from either a fully favorable decision or the Commissioner's denial of a request to reopen.

**A.    Timeliness**

Defendant argues that the Complaint should be dismissed because it was not timely filed. A final decision of the Social Security Administration must be appealed to federal district court within 60 days of the claimant's receipt of notice of the decision. 42 U.S.C. § 405(g). A claimant is presumed to receive notice of the final decision within five days of the date of the Appeals Council notice. 20 C.F.R. § 422.210(c) (2007); *Matsibekker v. Heckler*, 738 F.2d 79, 81 (2d Cir.1984). A claimant may rebut this presumption by making "a reasonable showing" that he or she received the notice later. 20 C.F.R. § 422.210(c) (2007).

If a claimant files his or her complaint more than 60 days after receiving the notice of decision, the failure to file a timely complaint may be excused under the doctrine of equitable tolling. *State of New York v. Sullivan*, 906 F.2d 910, 917 (2d Cir.1990). "The doctrine of

equitable tolling permits courts to deem filings timely where a litigant can show that 'he has been pursuing his rights diligently' and that 'some extraordinary circumstance stood in his way.'" *Torres v. Barnhart*, 417 F.3d 276, 279 (2d Cir. 2005) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).  The mere fact that a party is proceeding *pro se* and is unfamiliar with the legal process does not merit equitable tolling.  *Smith v. McGinnis*, 208 F.3d 13, 18 (2d Cir. 2000); *Khan v. United States*, 414 F. Supp. 2d 210, 216-217 (E.D.N.Y. 2006).   If a claimant fails to timely file his or her complaint and does not demonstrate that the statute of limitations should be equitably tolled, the complaint is subject to dismissal for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).  *Matsibekker*, 738 F.2d at 80.

Here, the Appeals Council notice is dated May 13, 2005.  (Dkt. No. 1 at 2; Dkt. No. 13, Herbst Decl. Ex. 2.)  Under the Regulations, Plaintiff is presumed to have received the notice on May 18, 2005. 20 C.F.R. 422.210(c) (2007).  Plaintiff's opposition to the Motion to Dismiss does not contain any information rebutting that presumption.  Having received notice of Defendant's decision on May 18, 2005, Plaintiff was required to file his Complaint within 60 days.  Plaintiff, however, waited more than two years to file his Complaint. (Dkt. No. 1.)  Therefore, Plaintiff's Complaint was not timely filed.

Nothing in Plaintiff's opposition shows that equitable tolling should apply.  (Dkt. No. 17.) Plaintiff's opposition states:

> I have my appeal on the actions of my attorney who submitted the date or onset of my disability to be set at 1981.  I had filed previous claims in Nov 1977 and thereafter.  I would respectfully hope Your Honor to take this into consideration.  As you can see my attorney made a gross error on the onset date.  On my honor I was more disabled in 1977 than in 1981.  I am now 82 years old and have had

>       both knees replaced artificially.

(Dkt. No. 17 at 2.)  Although the undersigned is sympathetic to Plaintiff's situation, mere sympathy is an insufficient basis for equitable tolling.  Accordingly, Plaintiff's Complaint was not timely filed, the statute of limitations should not be equitably tolled,  and the Complaint should be dismissed.

      **B.**     **Fully Favorable Decision**

Although not raised by Defendant, an additional basis for dismissing Plaintiff's Complaint is that he was the recipient of a fully favorable decision from the Appeals Council. The decision was fully favorable because Plaintiff, through counsel, asserted an onset date of May 1, 1981, and the Appeals Council's decision found that Plaintiff has been disabled since May 1, 1981.  Under 42 U.S.C. § 405(g), "(a)ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party ... may obtain a review of such decision by a civil action."  Although the statute does not explicitly limit review to unfavorable decisions, Second Circuit precedent holds that the statute "assumes as a condition for judicial review that the determination by the (Commissioner) ... will be adverse to the claimant of benefits.  It makes no provision for judicial review of a determination favorable to the complainant."  *Jones v. Califano*, 576 F.2d 12, 18 (2d Cir. 1978).  *See also Buck v. Secretary*, 923 F.2d 1200, 1203 (6th Cir. 1991) ("The claimant has no standing to appeal a fully favorable decision."); *Wheeler v. Hacker*, 719 F.2d 595, 600 (referring to the "rule that judicial review of favorable decisions is generally unavailable.").  The only exception to this general  rule is in the extraordinary circumstance that the Commissioner, acting under a policy applicable to a group of

claimants, consistently refuses to implement Appeals Council decisions favorable to that group of claimants. *Jones*, 576 F.2d at 18-21. Plaintiff has not alleged that he is part of such a group. Accordingly, he does not have standing to challenge the Commissioner's fully favorable decision.

### C.   Denial of Request to Reopen

Plaintiff's Complaint could be construed as an appeal from the Appeals Council's December 2006 and May 2007 refusals to reopen its May 2005 decision. This Court lacks jurisdiction to review the refusals to reopen the previous decision:

> The Commissioner's decision not to reopen a prior determination is not a final decision for the purposes of § 405(g) and thus is generally unreviewable even if there was a hearing in the case. Nevertheless, federal courts may review the Commissioner's decision not to reopen a disability application in two circumstances: where the Commissioner has constructively reopened the case and where the claimant has been denied due process. If the Commissioner reviews the entire record and renders a decision on the merits, the earlier decision will be deemed to have been reopened, and ...the claim is subject to judicial review. Judicial review is also permissible in rare circumstances when the Secretary's denial of a petition to reopen is challenged on constitutional grounds ... (I)n the absence of either constructive reopening or a constitutional claim, the district court lacks jurisdiction to review a decision not to reopen.

*Byam v. Barnhart*, 336 F.3d 172, 180 (2d Cir. 2003) (citations omitted). Here, the Commissioner did not constructively reopen the May 2005 decision. Nor does Plaintiff challenge the refusal to reopen on constitutional grounds. Accordingly, this Court lacks jurisdiction to review the refusal to reopen. **WHEREFORE,** it is hereby

**RECOMMENDED** that the Court dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(1).

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), 6(e).

Dated: April 10, 2008
       Syracuse, New York

                                            George H. Lowe
                                            United States Magistrate Judge