UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

PAUL E. LOUIS, SR.,

                             Plaintiff,

v.                                                         6:07-CV-0557 (GHL)

COMMISSIONER OF SOCIAL SECURITY,

                             Defendant.
_____

APPEARANCES:                          OF COUNSEL:

PAUL E. LOUIS, SR.
Plaintiff *pro se*
153 Reservoir Road
Newport, New York 13416

HON. GLENN T. SUDDABY           KAREN T. CALLAHAN, ESQ.
United States Attorney for the         Special Assistant United States Attorney
  Northern District of New York
*Counsel for Defendant*
P.O. Box 7198
100 S. Clinton Street
Syracuse, New York 13261-7198

GEORGE H. LOWE, United States Magistrate Judge

## ORDER

        On April 10, 2008, I issued a Report and Recommendation recommending that Defendant's Motion to Dismiss (Dkt. No. 13) be granted. (Dkt. No. 20.) On April 14, 2008, the parties consented to me conducting any and all proceedings in this case pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. (Dkt. No. 21.) On April 18, 2008, Plaintiff filed timely objections to my Report and Recommendation. (Dkt. No. 22.) I have reviewed those objections and find them to be without merit.

This Court lacks jurisdiction to review Defendant's decision because Plaintiff's complaint was not filed within 60 days of Plaintiff's receipt of notice of the administrative decision. 42 U.S.C. § 405(g). Plaintiff has not demonstrated that the 60-day deadline should be equitably tolled. Moreover, this Court lacks jurisdiction because the administrative decision was fully favorable to Plaintiff[1]. *Jones v. Califano*, 576 F.2d 12, 18 (2d Cir. 1978). *See also Buck v. Secretary*, 923 F.2d 1200, 1203 (6th Cir. 1991) ("The claimant has no standing to appeal a fully favorable decision."); *Wheeler v. Hacker*, 719 F.2d 595, 600 (referring to the "rule that judicial review of favorable decisions is generally unavailable."). Finally, this Court lacks jurisdiction to review Defendant's refusals to reopen the administrative decision. *Byam v. Barnhart*, 336 F.3d 172, 180 (2d Cir. 2003.)

**WHEREFORE,** it is hereby

**ORDERED**, that Defendant's Motion to Dismiss (Dkt. No. 13) is **GRANTED**.

Dated: April 23, 2008
Syracuse, New York

George H. Lowe
United States Magistrate Judge

---

[1] Plaintiff, through counsel, asserted an onset date of May 1, 1981, and the Appeals Council's decision found that Plaintiff has been disabled since May 1, 1981.